OPINION of the Court, by
Judge Bibb.
— The appellant exhibited his bill in equity, praying for a new nual at law upon a scire Jactas against himself and Sullivan, as special bail for Thomas Smith, at the suit of Chambers. The bill states that the complainant had relied on Sullivan to make the “necessary defence” to the scire facias, but that Sullivan, having compromised, none ; that Sullivan had obtained a release effectual in law to discharge them both, but that this release wag a*. the instance of the said Chambers, concealed irom the complainant until after the judgment at law.
The obiect in praying a new trial seems to be to plead the release only : for what defence was intended, or expected from Sullivan, by the complainant, before he discovered the release, is not stated. The bill alleges t^at U Smith had departed this life but at what time he died is not stated, and it is very difficult to find out to what period of time the bill has allusion.
it appears that Sullivan agreed to pay half the debt and costs due from the principal Smith, and that Chasa- *367 Sers should release him and look to M’Clelland for the other moiety, which was acceded to by Chambers, and the release mentioned in the bill was executed accordingly. The answer admits and explains the manner and intent of giving the release, and denies the other statements in the bill. On the capias ad satisfaciendum, returnable in February, If99, directed to the sheriff of Jefferson, (being the county in which the judgment against Smith was had,) he returned no inhabitant; the first scire facias is tested on the 31st of March, 1800; the release to Sullivan on the 23d of May, 1800; the scire facias which was served on M’Clelland is of the 10th of November, 1804; the time of Smith's death does not appear certainly, but the complainant obtained letters of administration upon his estate in November, 1800, and there was a vague rumor of his death about that time, and upon that evidence rests the question of Smith’s death. Upon a final heat ing of the cause the circuit court dismissed the bill with costs, from which M’Clelland appealed.
The obscurity of the allegation respecting the time of Smith’s death, gave some room for conjecture that the complainant intended it as a point in his case, that he was discharged from the recognizance of bail in consequence of the death of the principal. But we are happily relieved from the solution of this enigma by the exhibits and depositions. From the return of a ca. sa. the bail is chargeable, if the principal has not been rendered into custody. Although an actual render of the body before the return of two nihils, or before the return of scire feci, against the bail, would be a discharge ; yet the death of the principal before that time, if after the return of the ca. sa. would not — Glyn vs. Yates, 1 Strange 511— Barry vs. Barry, 2 Str. 717, The complainant, therefore, had been, by the act of the law, bound for the debt of another, by a recognizance, voluntarily and solemnly entered into. It had become his own debt; and the only objection which he urges against the judgment at law is the release to Sullivan. That release was bottomed upon a just and equitable principle, working no harm to the appellant, but rather an easement; being nothing more than the apportionment of the claim equally between two co-securitias
*368 The appellee denies the release wgi, on his part, designedly concealed from the complainant; but Sullivan swears he concealed it until after judgment, at the request of the appellee ; be it so ; yet it cannot benefit the complainant, because he has not made it appear that the appellee had any other cause for wishing it concealed than the apprehension that the appellant might attempt to avail himself of it at law. Whether the release to Sullivan was a release of both, it is not necessary now to determine. As the complainant is seeking to avoid the justice of the case, it has happened very unfortunately for him that he has been compelled to come into a court of equity. He complains that the appellee has obtained a legal advantage, founded upon positive law only, and asks an opportunity to avail himself of a release by mere operation of law, which, in conscience, he ought not to do. Courts of equity will never interfere to deprive the plaintiff at law of a legal advantage, unless they are first satisfied that the complainant has an equitable defence ; nor will they interfere to open a judgment for the purpose of letting in a defence against conscience — See Payne vs. Dudley, 1 Wash. 196-Clarke vs. Moore, Brown’s Cas. Parl. 2 vol. p. 67.
Decree affirmed.